I promise to pay, or cause to be paid unto William Wofford, (300) Esq., or to his assigns, the full and just quantity of six hundred gallons of good whiskey, on or before the 15th day of June, which shall happen in 1792, to be delivered at the subscriber's still-house in Burke County, it being for value received of him, this 1st day of November, A.D., 1790.
(Signed) JAMES GREENLEE.
On the said note there was the following endorsement:
I hereby assign over my right of the within note to Chas. McDowell, this 30th July, 1791.
(Signed) WILLIAM WOFFORD. *Page 254 
On this note there was a verdict for the plaintiff, subject to the opinion of the Court, whether the following notes offered on the trial as a set-off should be admitted as such:
I promise to pay or cause to be paid to Mr. John Cooper, or order, the sum of eight pounds specie, to be discharged in any merchantable produce at the common prices, upon the 25th of December next, being for value received. Witness my hand, this 24th July, 1784.
(Signed) WILLIAM WOFFORD.
On which note there was the following endorsement:
I assign over my right, title, and interest of the within note of hand to James Greenlee, for value received of him, this 10th day of August, 1784.
(Signed) JOHN COOPER.
I promise to pay, or cause to be paid to Mr. James Lee, or order, the sum of ten pounds current money of the State of North Carolina, on or upon the first day of June next ensuing the date thereof, but may be paid or discharged in any merchantable produce, or common (301) trade, at the common custom or selling prices, being for value received. Witness my hand, this 3rd March, 1788.
(Signed) WM. WOFFORD.
On which there was the following endorsement:
I hereby assign over my right of the within note to James Greenlee, for value received of him, this 7th March, 1788.
(Signed) JAMES LEE.
The two notes upon which this question arises, not being payable in money alone, are not negotiable under the act; the endorsement, therefore, would not enable the defendant to sue for them in his own name; nor, for the same reason, to set them off. But for the purpose of showing that they form the proper subject of a set-off, that class of cases has been referred to, wherein courts of law have taken notice of any equity and a trust, and have given effect to the claims of a person beneficially interested, though no party to the record. Without tracing particularly these cases, which are often recurred to, it is sufficient to observe that whenever the principle which governs them has been acted upon, it was because the justice of the case manifestly *Page 255 
required it; and for the purpose of giving that decision according to the merits in the first instance, which a court of equity would ultimately have pronounced, though with greater delay and expense to the parties. These authorities have guided many decisions in our own courts, and must continue to have a just influence upon cases where the same or similar circumstances justify their application. There are, however, two circumstances in this cause which render it improper that the defendant should be considered as the owner of the notes, for the purpose of admitting them as set-offs. One is, that the note upon which the suit is brought, though not negotiable, is assigned to McDowell, for whose use the money is to be received. This appears on the face of the proceedings; and if we regard the assignment of these notes as vesting the property of them in the defendant, equal justice requires that the assignment to McDowell should be also considered as vesting (302) the other note in him! Then the set-off would not be against a claim of Wofford, but of McDowell, and of course mutuality, its essential principle, is wanting. Greenlee's equitable interest ought only to be taken into consideration by the Court for the purpose of lessening the demand of Wofford, the real debtor, upon the note; but to give it the effect of lessening the demand of McDowell, who is as well entitled to the whole amount as Greenlee is to the set-off would be to pervert the principle of the cases referred to. It is rather singular that Greenlee, having these two notes (as it appears by the date of the endorsement), should have given the notes sued for to Wofford, without deducting the amount of them.
NOTE. — See Stanly v. Green, ante, 66, and the note thereto.